UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOE W. JEAN-LOUIS,

                Plaintiff,

    -against-

BOARD OF EDUCATION

                Defendant.

24-CV-3755 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently detained at the North Infirmary Command on Rikers Island, brings this action *pro se*. Because the complaint was not accompanied by the $405.00 in fees required to file a civil action, the Court assumes that Plaintiff is seeking to proceed *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any federal civil action IFP while he is a prisoner. *See Jean-Louis v. Mayor City of New York*, ECF 1:23-CV-4286, 2 (S.D.N.Y. May 25, 2023) (recognizing Plaintiff as barred under 28 U.S.C. § 1915(g) and listing his "strikes"); *Jean-Louis v. Onafer Nuclear Power Plant*, No. 2:12-CV-1071, 2 (C.D. Cal. Feb. 22, 2012) (same). Those decisions relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> [i]n no event shall a prisoner bring a civil action . . . [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff appears to be

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

asserting claims against the New York City Department of Education arising from their alleged negligence in failing to build underground nuclear fallout shelters in the City's elementary schools. (*See* ECF 1, at 1.) Plaintiff is therefore barred, under Section 1915(g), from bringing this action IFP.

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and dismisses the complaint without prejudice under the PLRA's "three-strikes" filing bar.[2] *See* 28 U.S.C. § 1915(g). Plaintiff remains barred, under Section 1915(g), from filing any future federal civil action IFP while he is a prisoner, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   May 20, 2024
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge

---

[2] Plaintiff may commence a new federal civil action by paying the fees to bring that action. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions (even if the filing fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).